IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-13-BO

ATLANTIC COAST PIPELINE, LLC,          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          O R D E R
                                       )
11.57 ACRES, MORE OR LESS, IN NASH     )
COUNTY, NORTH CAROLINA, LOCATED        )
ON PARCEL IDENTIFICATION NO. 026095    )
IDENTIFIED IN BOOK 528, PAGE 373;      )
LOCATED ON PARCEL IDENTIFICATION       )
NO. 026132 IDENTIFIED IN BOOK 530,     )
PAGE 432, AND OWNED BY WALTER          )
MARVIN WINSTEAD, JR.,                  )
and                                    )
WALTER MARVIN WINSTEAD, JR.,           )
                                       )
                Defendants.            )

Defendant Walter Marvin Winstead, Jr., has moved for a stay of the proceedings against

him or alternatively to modify the scheduling order. Plaintiff has responded, defendant has replied,

and the matter is ripe for ruling.

BACKGROUND

Plaintiff, Atlantic Coast Pipeline, LLC (ACP), instituted this and other actions by filing a

complaint in condemnation pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h),

and Fed. R. Civ. P. 71 for the taking of certain interests in real property, immediate entry and

possession of the real property, and the ascertainment and award of just compensation to the

owners of interest in defendant real property, here Walter Marvin Winstead, Jr. (Winstead) and

any other interested parties. [DE 1]. Winstead has appeared and filed an answer, in which he,

*inter alia*, objects to the complaint and raises defenses to taking. [DE 31]. By order entered March 16, 2018, the Court denied ACP's motions for preliminary injunction and partial summary judgment as to the defendants in this case, [DE 30], and a scheduling order was entered setting discovery and motions filing deadlines. [DE 34]. The expert report deadlines were later extended, and on October 26, 2018, the Court granted Winstead's motion for expedited consideration of this motion to stay, and therein stayed all discovery deadlines pending a ruling on the instant motion. [DE 48].

In his motion to stay, Winstead argues that a stay of these proceedings is appropriate to allow for resolution of pending challenges in the Fourth Circuit to the authorization of the Atlantic Coast Pipeline by the Federal Energy Regulatory Commission (FERC). In the alternative, Winstead asks for an extension of the discovery deadlines by at least ninety days.

DISCUSSION

A district court has inherent authority to manage its docket, which includes the authority to stay litigation pending the outcome of a decision by a court of appeals on an issue which would affect or control the outcome in a case before it. *See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted).

Having considered the relevant factors, the Court concludes that a stay of this matter is warranted. While plaintiff argues that having to conduct pipeline construction in a non-linear fashion by skipping over certain properties for which it has not acquired easements would cause it

2

to incur significant monetary costs, Winstead has sufficiently established for the purposes of this motion that going forward with proceeding on his property would also result in hardship to him, including felling of an historic tree and the costs of disputing plaintiff's expert evaluation of the impact to the fair market value of Winstead's property with any permanent and temporary easements in favor of ACP. The final factor, judicial economy, weighs in favor of a stay. There are currently multiple challenges to the propriety of the FERC certificate pending before the Fourth Circuit, and the court of appeals has in some cases entered a stay or vacated necessary agency permits issued to plaintiff. *See, e.g., Sierra Club v. United States Dep't of the Interior*, 899 F.3d 260, 295 (4th Cir. 2018); *see also* [DE 46-1] (listing Fourth Circuit cases challenging the ACP pipeline). The same panel of the court of appeals also heard oral argument in four of the permit challenge cases, including a case in which a stay of pipeline proceedings is currently in place, on September 28, 2018. *See, e.g., Cowpasture River Preservation v. Forest Service*, No. 18-1144 (4th Cir. Sept. 24, 2018).

As Winstead correctly argues, there are considerable challenges to plaintiff's pipeline project ongoing in the court of appeals, and plaintiff has not sufficiently rebutted Winstead's argument that, although the current pipeline challenges do not concern the pipeline route in North Carolina, the outcome of one or more of the challenges could cause or require the currently permitted pipeline route to be reexamined, potentially obviating any need to secure an easement on Winstead's property. In light of all of these circumstances, the Court in its discretion finds that the factors considered tip in favor of granting a temporary stay of these proceedings.

## CONCLUSION

For the foregoing reasons, Winstead's motion to stay [DE 41] is GRANTED. This action is hereby STAYED for a period of ninety (90) days from the date of entry of this order. At the close of the ninety-day period, the parties shall file their positions as to whether a continued stay would be appropriate.

SO ORDERED, this _13_ day of November, 2018.

Terrence W. Boyle

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4