IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN, WESTERN, AND SOUTHERN DIVISIONS

In re: Atlantic Coast Pipeline cases  )
_____ )

No. 4:18-CV-12-BO; No. 4:18-CV-35-BO; No. 4:18-CV-36-BO; No. 4:18-CV-66-BO;
No. 4:18-CV-67-BO; No. 5:18-CV-13-BO; No. 5:18-CV-39-BO; No. 5:18-CV-79-BO;
No. 5:18-CV-310-BO; No. 5:18-CV-388-BO; No. 5:18-CV-426-BO; No. 7:18-CV-131-BO

## ORDER

A stay of each of the Atlantic Coast Pipeline cases pending before this Court was entered on January 28, 2019, and was extended by order entered March 1, 2019. The stay expired on May 31, 2019. Defendant landowners in the above-captioned cases, proceeding through counsel, have filed motions to extend the stay. Plaintiff Atlantic Coast Pipeline (ACP) opposes a continued stay, but asks, if the stay is continued, that it be for a short and definite period and that it apply only to cases in which a continued stay has been requested.

## DISCUSSION

The Court presumes a familiarity with the underlying facts and procedural posture of these cases. A review of the parties' filings demonstrates that the circumstances which previously supported entry of a stay have not materially changed. Defendants again cite ACP's suspension of construction activities, the uncertainty of the pipeline's route in light of of ongoing litigation, and the burden of the expense of litigation if required to proceed at this time in support of their request for a continued stay. The Court again finds that any prejudice to ACP imposed by a brief additional stay does not sufficiently outweigh the burden imposed on the moving defendants. However, where a defendant landowner has not sought an extension of the stay, the prejudice to ACP in not

being permitted to proceed outweighs any perceived burden to the landowner, and the stay will not be extended in those cases.

Accordingly, and in light of its inherent authority to manage its own docket, *see, e.g., Rhines v. Weber*, 544 U.S. 269, 276 (2005), the Court extends the stay for an additional 60 days from the date of entry of this order in the above-captioned cases only. The stay will expire on September 23, 2019, subject to further order. The stay will not impact on the parties' ability to settle or reach an agreement as to the issues between them.

SO ORDERED, this 24 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE