# EXHIBIT 8

## DECLARATION OF JANE FLOWERS FINCH

I, Jane Flowers Finch, declare and state as follows:

1.    I am of legal age and am competent to give this declaration. All information herein is based on my own personal knowledge unless otherwise indicated.

2.    I am the daughter of Pearl Finch, owner of an approximate 83.16 acre tract of real property located in Wilson County, Parcel No. 2760-36-6807, which was the subject of a Complaint in Condemnation (Complaint), filed by the Atlantic Coast Pipeline ("ACP") on August 3, 2018, in order to obtain 1.713 acres of easement in Case 5:18-cv-00388-BO.

3.    My mother did not want to allow her property to be used for a gas pipeline project and asked me to assist her in these matters. I have been involved with ACP's efforts to survey and to obtain an easement on the Finch property since around 2015.

4.    The Complaint, attached as **Exhibit A,** alleged that the property was necessary for construction of the gas transmission line project. Our answer objecting to the condemnation was prepared and filed by attorney Chuck Lollar.

5.    I am also familiar with location of the home and farm of Celena and Robert Bissette, and am aware that the ACP also filed a Complaint in Condemnation, seeking to obtain 1.67 acres of easement across their property in Case 5:18-cv-00426.

6.    The Bissette property lies less than one mile from the Finch property along the proposed ACP route as shown on that attached map. **Exhibit B.**

7.    Without prior notice of their intent, or reason given for the action, on February 28, 2020, ACP filed a Notice of Voluntary Dismissal of the Action. **Exhibit C.**

8.     At the time of the dismissal, ACP had filed their expert disclosure, had prepared and submitted an appraisal of the fair market value of the easements proposed to be taken, and had repeatedly alleged that the Finch Property was necessary for construction.

9.     At the time of dismissal, attorney Lollar had formally represented us for more than 18 months and we had incurred significant litigation expenses in defense of this matter.

10.     Neither Pearl Finch, nor anyone acting on her behalf, have engaged in negotiation for the sale of the easement.

11.     Neither ACP nor its agents have explained the reason for the dismissal of the Complaint.

12.     With the uncertainty arising out of legal challenges, construction delays, and COVID-19, it is reasonable to conclude that ACP dismissed the Complaint because the Finch Property is not necessary for construction.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.

Executed on this 27th day of May 2020.

Jane Flowers Finch

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-00388

ATLANTIC COAST PIPELINE, LLC,

                    *Plaintiff*,

    v.

1.713 ACRES, MORE OR LESS, IN
WILSON COUNTY, NORTH CAROLINA,
LOCATED ON PARCEL IDENTIFICATION
NO. 2760-36-6807.000, AND IDENTIFIED
AS BEING A PORTION OF 119.8 ACRE(S)
DESCRIBED IN BOOK 2057, PAGE 80,
LESS AND EXCEPT A CERTAIN TRACT
CONTAINING 28.20 ACRE(S), MORE OR
LESS, IDENTIFIED IN BOOK 1821, PAGE
88 OF THE PUBLIC REGISTRY OF SAID
COUNTY,

    and

PEARL LAMM FINCH
10805 S NC Highway 581
Bailey, NC 27807,

    and

WADE RAYMOND FINCH
8417 Hester Road
Hurdle Mills, NC 27541,

    and

HEATHER LOUISE FINCH
770 Maine Avenue SW, Apt. 406
Washington, D.C. 20024,

                    *Defendants*.

**COMPLAINT IN CONDEMNATION**

15 U.S.C. § 717f(h); Fed. R. Civ. P. 71.1

## Nature of the Case

1.      Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) if later requested, immediate possession of the easements described herein; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Pearl Lamm Finch, Wade Raymond Finch, Heather Louise Finch, and any other interested parties (collectively, the "Owners").

## Jurisdiction and Venue

2.      This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owners as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owners exceeds $3,000.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Eastern District of North Carolina.

## Parties

4.      Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219.  Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own,

operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5.  The Owners have an ownership interest in that certain tract of land identified as Parcel Identification No. 2760-36-6807.000, composed of 83.16 acres, more or less, as is more particularly described as being a portion of 119.8 acre(s) described in Book 2057, Page 80, less and except a certain tract containing 28.20 acre(s), more or less, described in Book 1821, Page 88 of the public records of said County (the "Property").  The Property is depicted on **Exhibit 1**.

6.  There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry.  These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

**Facts**

7.  Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

8.  The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina.  Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9.  Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10.     Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities.  On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project.  A copy of the FERC Certificate is attached as **Exhibit 2**.

11.     FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina."  *See* Ex. 2, at 35, ¶ 79.

12.     FERC also found that the "public at large will benefit from increased reliability of natural gas supplies."  *See* Ex. 2, at 35, ¶ 79.

13.     As a result, the ACP Project "serves a 'public use'" as determined by FERC.  *See* Ex. 2, at 34, ¶ 79.

14.     Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline.  *See* Ex. 2.

15.     The FERC-approved route of the ACP Project crosses the Property.  A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16.     Atlantic seeks to construct a portion of the ACP Project on the Property.  The ACP Project cannot be constructed until Atlantic acquires certain permanent easements (the "Permanent Easements") and temporary easements (the "Temporary Easements") (collectively the "Easements") on the Property.  The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17.     A plat depicting the size and nature of the Easements and the ACP Project's route across the Property is attached hereto as **Exhibit 4**.

18.     The Permanent Easements to be taken on the Property include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable.

19.     The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities.  The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete.  The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

20.     Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other materials to and from and through the Easements, and the right of access through any existing roads on the Property.

21.     Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

22.     The Owners shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements.  Specifically, the Owners shall not, without the prior written consent of Atlantic: (a) change the depth of cover or otherwise undertake earthmoving or construction within the Permanent Easements; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds,  concrete pads, mobile homes, trees, telephone

or electric poles, water or sewer lines, or similar structures, within the Permanent Easements; (c) store or operate any heavy equipment in the Permanent Easements, except the use of typical farming equipment; and (d) construct ponds or lakes in a manner that would flood the Permanent Easements.

23.     Atlantic has negotiated with the Owners and has made several efforts to acquire the Easements by contract.

24.     Atlantic began negotiations with Owners Wade and Heather Finch in January 2016. Specifically, on January 29, 2016, Atlantic sent Owners Wade and Heather Finch an initial offer letter regarding acquiring certain easements for the ACP Project.

25.     Atlantic began settlement negotiations with Owner Pearl Finch in March 2016. Specifically, on March 24, 2016, an agent of Atlantic (the "First Agent") spoke with Owner Pearl Finch regarding acquiring certain easements for the ACP Project.

26.     On April 6, 2016, the First Agent spoke with the attorney for the Owners regarding the Property to advance the negotiations.

27.     On April 21, 2016, Atlantic sent Owner Pearl Finch the initial offer letter regarding the Property.

28.     On May 20, 2016, the First Agent spoke with counsel for the Owners to further negotiations regarding the Property.

29.     Through August of 2016, the First Agent continued to attempt to further negotiations by leaving several telephone messages for Owners' counsel.

30.     In March, April, May and June of 2017, another agent of Atlantic (the "Second Agent") left additional telephone messages and electronic messages with Owners' counsel in an attempt to continue negotiations.

31.     On July 28, 2017, another agent of Atlantic (the "Third Agent") spoke with Owner's counsel in an attempt to continue negotiations.

32.     On September 22, 2017, the Third Agent emailed Owners' counsel a copy of the revised proposed easement agreement for her review and indicated that the Third Agent was available to meet counsel at her convenience to discuss the proposed agreement.

33.     In October 2017, the Third Agent continued to correspond with Owners' counsel via email in an attempt to further negotiations.

34.     On June 6, 2018, Atlantic sent the Owners a letter with a final offer, along with a copy of the plat attached hereto as **Exhibit 4**.

35.     Atlantic, through counsel, has continued to attempt to negotiate with Owners, through counsel, regarding the easement acquisition and the final offer letter and its accompanying plat, but the parties have been unable to reach an agreement.

36.     Specifically, on July 24, 2018, Atlantic, through counsel, sent the Owners, through counsel, a letter following up on the final offer in an attempt to further negotiations.

37.     To date, Atlantic and the Owners have been unable to agree on the compensation to be paid and the terms of the Easements.  Thus, despite these negotiations, Atlantic has been unable to acquire the Easements by contract.

38.     Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A.     Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B.     If later requested, grant Atlantic immediate possession of the Easements in the form of a preliminary injunction prior to the determination of just compensation upon deposit with the Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C.     Ascertain and award just compensation to the Owners for the taking of the Permanent Easements;

D.     Ascertain and award just compensation to the Owners for the taking of the Temporary Easements; and

E.     Grant such other relief as may be just and proper.

This the 3rd day of August, 2018.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone:   (910) 254-3800
Facsimile:   (910) 254-3900
Email:         hkitchin@mcguirewoods.com

Dhamian A. Blue
N.C. State Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone:   (919) 833-1931
Facsimile:   (919) 833-8009
Email:         dab@bluellp.com

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone:     (703) 712-5000
Facsimile:     (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*

# EXHIBIT 4

Case 5:18-cv-00388-BO Document 81-5 Filed 05/03/23 Page 15 of 22

# ATLANTIC COAST PIPELINE, LLC
925 WHITE OAKS BOULEVARD
BRIDGEPORT WV, 26330

WILSON COUNTY, NORTH CAROLINA

PLAT SHOWING EASEMENTS ON APN #2760-36-6807
PEARL FINCH ET AL.

ACP 36" GAS PIPELINE AP-2 PROPOSED

**Atlantic Coast Pipeline** (logo)

THE THRASHER GROUP
NORTH CAROLINA, INC.
PO BOX 940
BRIDGEPORT WV, 26330
PHONE 304-624-4108

DRAWING NO. LL-19-056-A
TASK NO. 5
PROJECT NO. C140468.00
11C

PERMANENT EASEMENT = 27,482 SQFT / 0.631 AC
TEMPORARY EASEMENT = 47,114 SQFT / 1.082 AC
TOTAL EASEMENT AREA = 74,596 SQFT / 1.713 AC

CHKD: AKM

SHEET 1 OF 2

## Coordinate Tables

| POINT | NORTH | EAST |
|---|---|---|
| NAD 83 (2011) UTM17 NORTH | | |
| PL1 | 12968300.03 | 2498236.47 |
| PL2 | 12968330.64 | 2498196.93 |
| PL3 | 12968740.57 | 2498569.40 |
| PL4 | 12968691.06 | 2498579.39 |
| NAD 83 (2011) NORTH CAROLINA STATE PLANE | | |
| PL1 | 705050.26 | 2264040.82 |
| PL2 | 705081.65 | 2264001.93 |
| PL3 | 705483.65 | 2264382.51 |
| PL4 | 705433.97 | 2264391.47 |

## Legend

- SURVEYED PROPERTY LINE
- ADJOINER PROPERTY LINE
- PERMANENT EASEMENT
- TIE LINE
- GAS PIPELINE
- TEMPORARY EASEMENT
- PROPERTY EVIDENCE (FOUND)
- P.I. (POINT OF INTERSECTION)

## Line Table

| LINE | BEARING | DISTANCE |
|---|---|---|
| L1 | N52°15'15"W | 50.00' |
| L2 | S38°32'08"W | 520.53' |
| L3 | S86°43'34"W | 48.26' |
| L4 | S11°24'08"E | 50.51' |
| L5 | N86°43'35"E | 33.04' |
| L6 | N38°32'08"E | 303.58' |
| L7 | N52°15'15"W | 25.00' |
| L8 | N38°32'08"E | 179.80' |
| L9 | N51°27'51"W | 41.25' |
| L10 | N38°32'09"E | 50.00' |
| L11 | N51°27'53"W | 50.00' |
| L12 | N38°32'07"E | 100.00' |
| L13 | S51°27'52"E | 25.00' |
| L14 | N38°32'08"E | 227.69' |
| L15 | N39°02'06"W | 24.98' |
| L16 | N35°29'46"E | 11.49' |
| L17 | N86°43'35"E | 82.61' |
| L18 | S09°11'40"E | 100.54' |
| L19 | S12°39'33"E | 35.47' |
| L20 | S86°43'36"W | 23.17' |
| L21 | S38°32'07"W | 37.07' |
| L22 | N51°27'52"W | 25.00' |
| L23 | S38°32'08"W | 95.53' |
| L24 | S51°27'52"E | 25.00' |
| L25 | S38°32'08"W | 100.00' |
| L26 | N51°27'54"W | 25.00' |
| L27 | S38°32'08"W | 55.34' |
| L28 | N51°27'52"W | 10.00' |

## Vicinity Sketch

SUBJECT TRACT
APN #2760-36-6807

ATLANTIC COAST PIPELINE

NC 581

VICINITY SKETCH
NOT TO SCALE

## Certification

I, Douglas A. Richmond, certify that this easement plat was drawn under my supervision from an actual survey made under my supervision (subject property deed description recorded in Book 2057, page 080); that this is not a full boundary survey of the property and that the boundaries surveyed/not surveyed are clearly indicated as drawn; that the positional accuracy exceeds 1:20,000; that this plat was prepared in accordance with G.S. 47-30 as amended and NCEES BP-1709-1. Witness my original signature, license number and seal this ___ day of _May_ __, A.D. 2018.

NORTH CAROLINA
DOUGLAS A. RICHMOND
PROFESSIONAL LAND SURVEYOR
SEAL L-4008

## NOTES:

1. FIELD SURVEY AND MAPPING COMPLETED ON 2018-04-24.
2. THE COORDINATES AND BEARING SHOWN HEREON ARE NAD 83 (2011) UTM ZONE 17 NORTH. THE DISTANCES SHOWN HEREON ARE GRID EXPRESSED IN US SURVEY FEET. THE COMBINED SCALE FACTOR FOR THIS PLAT IS 1.000402971. FOR CONVENIENCE, COORDINATES ARE ALSO SHOWN IN NAD 83 (2011) NORTH CAROLINA STATE PLANE.
3. PROPERTY LINES DEPICTED ON THIS PLAT ARE DERIVED FROM DEEDS AND MAPS OF RECORD AND OTHER EVIDENCE AVAILABLE. PROPERTY CORNER MONUMENTS AND OTHER EVIDENCE TO LOCATE THE LINES ARE NOT A PROPERTY BOUNDARY SURVEY. ALL PROPERTY LINE LOCATIONS SUBJECT TO FULL BOUNDARY SURVEY OF THE DEPICTED PARCEL.
4. THIS MAP MAY NOT BE A CERTIFIED SURVEY AND HAS NOT BEEN REVIEWED BY A LOCAL GOVERNMENT AGENCY FOR COMPLIANCE WITH ANY APPLICABLE LAND DEVELOPMENT REGULATIONS AND HAS NOT BEEN REVIEWED FOR COMPLIANCE WITH RECORDING REQUIREMENTS FOR PLATS.
5. REFERENCE MADE TO DB 2057 PG 080.
6. ALIGNMENT REV 11C AS PROVIDED BY THE ATLANTIC COAST PIPELINE.



**Atlantic Coast Pipeline** ℠

ACP 36" GAS PIPELINE AP-2 PROPOSED
PLAT SHOWING EASEMENTS ON APN #2760-36-6807
PEARL FINCH ET AL

ATLANTIC COAST PIPELINE, LLC
925 WHITE OAKS BOULEVARD
BRIDGEPORT WV, 26330

WILSON COUNTY, NORTH CAROLINA

THE THRASHER GROUP
NORTH CAROLINA, INC.
PO BOX 940
BRIDGEPORT WV, 26330
PHONE 304–624–4108

DRAWING NO. LL–19–056–B

PROJECT NO. C140468.00

TASK NO. 5

CHKD: AKM

SHEET 2 OF 2

100' RIGHT OF WAY LINE

HWY 581

100' RIGHT OF WAY LINE

N86°43'34"E
40.48'

L18  PL3  L4  PL4
L17  L3  L5  L19  L20
L16  L15  L21  L22
L14  L23  24  35' TEMPORARY EASEMENT
75' TEMPORARY EASEMENT  L25
100' TEMPORARY EASEMENT  L13  26
L12  N38°31'08"E  509.00'  L27
L11  L10  97.00'  L28
L9  50' PERMANENT EASEMENT
25' TEMPORARY EASEMENT  L8
L7  PL1  (TIE) 366.75'
PL2  (TOTAL SURVEYED LINE)

10' TEMPORARY EASEMENT

Pearl Finch etal
DB 2057 PG 080
APN #2760-36-6807

Pearl Finch etal
DB 2057 PG 080
APN #2760-36-6807

N/F RJ Hinnant & Sons
APN #2760-34-7512

N 52°15'15" W 598.00'

S 85°47'45" W

649.00'
(TOTAL SURVEYED LINE)

UTM 17 NORTH
TRUE NC SP NORTH NORTH
1°41'09"
0°30'45"

SURVEYED PROPERTY LINE
ADJOINER PROPERTY LINE
PERMANENT EASEMENT
TIE LINE
GAS PIPELINE
TEMPORARY EASEMENT
PROPERTY EVIDENCE (FOUND)
P.I. (POINT OF INTERSECTION)

| | | |
|---|---|---|
| PERMANENT EASEMENT = | 27,482 SQFT | 0.631 AC |
| TEMPORARY EASEMENT = | 47,114 SQFT | 1.082 AC |
| TOTAL EASEMENT AREA = | 74,596 SQFT | 1.713 AC |

0  100  200'

NOTE:
REFER TO SHEET ONE (1) FOR LINE
AND POINT TABLES.

SEAL
L-4008
5.17.18
NORTH CAROLINA
PROFESSIONAL LAND SURVEYOR
DOUGLAS A. R. RICHMOND

# EXHIBIT B

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00388-BO

ATLANTIC COAST PIPELINE, LLC,

*Plaintiff*,

v.

1.713 ACRES, MORE OR LESS, IN WILSON
COUNTY, NORTH CAROLINA *et al.*,

*Defendants*.

**NOTICE OF VOLUNTARY
DISMISSAL OF THE ACTION**

Fed. R. Civ. P. 71.1(i)(1)(A)

Pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure, plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), by and through the undersigned counsel, hereby voluntarily dismisses without prejudice this condemnation action against the subject property and all other defendants.

No compensation hearing on the subject property has begun, and Atlantic has not acquired title or a lesser interest or taken possession of the subject property through this action. The subject property is a certain tract of land identified as Parcel Identification No. 2760-36-6807.000, composed of 83.16 acres, more or less, as is more particularly described as being a portion of 119.8 acre(s) described in Book 2057, Page 80, less and except a certain tract containing 28.20 acre(s), more or less, described in Book 1821, Page 88 of the public records of Wilson County, North Carolina.

*WHEREFORE*, this action may be dismissed in its entirety without prejudice.

This the 28th day of February, 2020.

/s/ Henry L. Kitchin, Jr.

Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone:  (910) 254-3800
Facsimile:  (910) 254-3900
Email:      hkitchin@mcguirewoods.com

Dhamian A. Blue
N.C. State Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 833-1931
Facsimile: (919) 833-8009
Email: dab@bluellp.com

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone:    (703) 712-5000
Facsimile:    (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*

<u>CERTIFICATE OF SERVICE</u>

I, Henry L. Kitchin, Jr., of McGuireWoods LLP, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, copies of the foregoing will be served on the following by first-class U.S. Mail, by electronic mail, or by the Court's Case Management / Electronic Case Filing ("CM/ECF") system:

Charles M. Lollar
Christina E. Lollar
Lollar Law, PLLC
109 E. Main Street, Suite 501
Norfolk, VA 23510

Kristen Lin Beightol
Edwards Kirby LLP
3201 Glenwood Avenue, Suite 100
Raleigh, NC 27612
*Counsel for Defendants*

I certify under penalty of perjury that the foregoing is true and correct.

This the 28th day of February, 2020.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
*Counsel for Atlantic Coast Pipeline, LLC*