IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN & WESTERN DIVISIONS

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>3.13 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 4:18-CV-35-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>0.06 ACRES, MORE OR LESS, IN HALIFAX<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 4:18-CV-67-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>11.57 ACRES, MORE OR LESS, IN NASH<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 5:18-CV-13-BO |
| ATLANTIC COAST PIPELINE, LLC,<br>*Plaintiff,*<br><br>v.<br><br>1.687 ACRES, MORE OR LESS, IN WILSON<br>COUNTY, NORTH CAROLINA *et al.*,<br>*Defendants.* | No. 5:18-CV-426-BO |

ORDER

These cases are before the Court on a consolidated motion and supplemental motions by the defendant landowners Travis Privott, Walter Marvin Winstead, Jr., Celena Bunn Bissette, and Robert Bisette seeking attorney fees and costs. The Court permitted a brief period of limited discovery on the consolidated motion for attorney fees and all subsequent briefing on the consolidated motion has been filed. Defendant-landowners then filed supplemental motions for attorney fees, to which plaintiff has responded. In this posture, the matters are ripe for ruling.[1] For the reasons that follow, the requests for attorney fees and costs are denied.

BACKGROUND

On September 18, 2015, plaintiff, Atlantic Coast Pipeline or ACP, filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See generally* [DE 1-2]. In order to construct the pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on the subject properties along the FERC-approved pipeline route.

To that end, ACP filed in this Court multiple complaints in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. In each complaint, ACP sought an order allowing the taking of certain interests in real property, immediate entry and possession of

---

[1] The defendant-landowners, who are all represented by the same counsel, filed their original request for attorney fees and costs as a consolidated motion. Although subsequent briefing was filed separately in each of the above-captioned cases, the parties raise largely identical or substantially similar arguments. For that reason, the Court refers to the parties' briefing generally and provides citations to particular documents as representative of arguments or assertions made in each of the above-captioned cases.

2

real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

On July 5, 2020, ACP announced the cancelation of its pipeline project. ACP subsequently filed a notice of voluntary dismissal pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure in each of the above-captioned cases. The voluntary dismissal was filed prior to ACP acquiring any title or lesser interest in the subject property and prior to any hearing on compensation. On their request, defendant-landowners were permitted to file a motion seeking attorney fees and costs following the voluntary dismissal.

## DISCUSSION

In condemnation cases, the general rule is that litigation expenses are nonrecoverable, but Congress created a narrow exception to that rule when it enacted the Uniform Relocation Assistance and Real Property Acquisition Policies Act (the Relocation Act). *United States v. 410.69 Acres of Land, More or Less in Escambia Cty., State of Fla.*, 608 F.2d 1073, 1076 (5th Cir. 1979). The Relocation Act was enacted to "establish[] a uniform policy for the fair and equitable treatment of persons displaces as a direct result of programs or projects undertaken by a federal agency." 42 U.S.C. § 4621(d). As applies specifically to litigation expenses in condemnation proceedings, the Relocation Act provides that

> The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if--
> (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> (2) the proceeding is abandoned by the United States.

3

42 U.S.C. § 4654(a).

A federal agency is defined by the Relocation Act to include "any person who has the authority to acquire property by eminent domain under Federal Law." 42 U.S.C. § 4601. ACP does not dispute that it is a federal agency for purposes of § 4654(a) because it was granted authority to acquire property by eminent domain under federal law pursuant to its FERC Certificate and the Natural Gas Act. Nor does ACP argue that the defendants are not the proper landowners or that the proceeding has not been abandoned. Rather, ACP argues that it is not required to pay attorney fees and expenses to the defendant-landowners under § 4654(a)(2) because it is not the United States. As this Court has previously held, ACP is properly considered to stand in the shoes of the United States for purposes of § 4654(a)(2), and the Court incorporates its discussion of this issue as it appears in *Atlantic Coast Pipeline v. 3.92 Acres, More or Less, in Johnston Co. N.C.,* No. 5:18-CV-258-BO (E.D.N.C. Jan. 12, 2021), by reference as if fully set forth herein. *See also Transcon. Gas Pipe Line Co., LLC v. A Permanent Easement for 0.018 Acres*, No. 09-1385, 2010 U.S. Dist. LEXIS 85393, at *7 (E.D. Pa. Aug. 18, 2010).

The above-captioned cases present an additional issue for the Court's consideration, namely whether the existence of a fee agreement in which a third-party, here the Blue Ridge Environmental Defense League (Blue Ridge), has agreed to pay the defendant-landowner's attorney fees prevents a fee award under § 4654(a)(2).

Each of the defendant-landowners in the above-captioned cases engaged in a representation agreement with the Law Offices of F. Bryan Brice, Jr. (defense counsel) regarding these condemnation proceedings. Also reflected in the discovery is an agreement by Blue Ridge to engage the same counsel to oppose the Atlantic Coast Pipeline. The fee agreements provide that defense counsel will undertake representation of the individual defendant-landowners in the

above-captioned cases "pursuant to a fee agreement with Blue Ridge []. . . . Blue Ridge [] retained [defense counsel] to resist any efforts of Atlantic Coast Pipeline to construct a pipeline in North Carolina." No. 4:18-CV-35-BO [DE 74-2]. Defense counsel's representation of the defendant-landowners was further limited in scope, as defense counsel had been retained by Blue Ridge only to argue that the property could not be condemned, and defense counsel would not represent the defendant-landowners to increase just compensation or to settle the eminent domain case. *Id.* Blue Ridge is a nonprofit organization and defendant-landowners Marvin Winstead, Celine Bisette, and Robert Bissette are members of Blue Ridge; defendant-landowner Travis Privott's mother and power of attorney is also a member of Blue Ridge.

The defendant-landowners argue, and ACP does not dispute, that federal fee-shifting provisions are intended "to overcome the deterrent of attorneys' fees." *S.E.C. v. Comserv Corp.*, 908 F.2d 1407, 1415 (8th Cir. 1990). And while "courts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client[,]" *Brinn v. Tidewater Transp. Dist. Comm'n*, 242 F.3d 227, 234–35 (4th Cir. 2001), the Court determines that the above-captioned cases are distinguishable from those cases in which pro bono representation has been provided and attorney fees have been awarded.

"[M]ost civil rights statutes [which] contain fee-shifting provisions . . . award 'reasonable attorney's fees,' such that 'the prevailing party may recover for the reasonable value of the legal services, whether or not the winner has an obligation to pay the lawyer that sum.'" *Feld v. Fireman's Fund Ins. Co.*, No. CV 12-1789 (JDB), 2020 WL 1140673, at *12 (D.D.C. Mar. 9, 2020) (quoting *Neal v. Honeywell, Inc.*, 191 F.3d 827, 833 (7th Cir. 1999)). The Relocation Act is explicit, however, that fees and costs must have been "actually incurred" by the landowner in order

to be recoverable. This is different from the civil rights statutes relied upon by defendant-landowners. For example, the Equal Access to Justice Act, which provides for an award of attorney fees to prevailing parties in cases against the United States, contains no language limiting the award to those fees and costs "actually incurred." 28 U.S.C. § 2412(b). In civil rights litigation, attorney fees may be awarded to the prevailing party, again with no limitation of the award to attorney fees actually incurred. 42 U.S.C. § 1988(b). The arguments of the defendant-landowners do not persuade the Court that it may disregard the plain language of the Relocation Act.

In *United States v. 243.538 Acres of Land*, when considering an award of attorney fees under the Relocation Act, the court held that "[i]n order to be awarded attorney's fees, a claimant must show that the fees requested were actually incurred. That is, the claimant must be under some legal obligation to pay an attorney for services rendered." 509 F. Supp. 981, 986 (D. Haw. 1981). The court declined to award attorney fees to landowner-defendants represented by the Legal Aid Society of Hawaii (LASH) in that case, finding that because "the attorney-client contract submitted by LASH indicates that its clients do not pay for LASH services, those clients have not actually incurred any attorney's fees and cannot be awarded such fees." *Id*. Other courts have also limited attorney fees under the Relocation Act to "the amount charged [to] the client." *Transcon. Gas Pipe Line Co.*, 2010 U.S. Dist. LEXIS 85393, at *12. Here, no amount has been charged to the defendant-landowners, as is shown in their responses to plaintiff's interrogatories in which they state attorney fees and costs have been satisfied by payments made to their attorneys, but do not indicate that those payments have been made by the defendant-landowners. *See also, e.g.,* No. 5:18-CV-426 [DE 71 at 10] ("Had [Blue Ridge] not satisfied Landowner's obligation, Landowner would be responsible . .."). Additionally, the fee agreements contain no provision which would require the defendant-landowners to be responsible for any attorney fees unpaid by Blue Ridge. In

6

light of these express agreements, the Court will not imply any contract terms under a *quantum meruit* theory as requested by defendant-landowners. *See Horack v. S. Real Est. Co. of Charlotte*, 150 N.C. App. 305, 311 (2002).

Essentially, defendant-landowners seek an award of attorney fees and costs in order to relieve Blue Ridge of its obligations to defense counsel. But the Relocation Act entitles only "the owner of any right, or title to, or interest in, such real property" to an award of attorney fees and costs. It has not been shown that Blue Ridge is an owner of any right, title, or interest in any of the subject properties, and thus it may not be awarded any fees or costs, either directly or indirectly, under the statute.

## CONCLUSION

Accordingly, for the foregoing reasons, the consolidated motion and supplemental motions for attorney fees and costs filed by the defendant-landowners in the above-captioned cases are DENIED.

SO ORDERED, this 28 day of July, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE